UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Hua-Cheng Pan, a Taiwanese individual, 2F, No.3, Lane 54 Jung Hua W. Rd., Sec. 1 Tainan, Taiwan<br><br>Plaintiff,<br><br>v.<br><br>Kohl's Department Stores, Inc. a Delaware Corporation N56 W17000 Ridgewood Drive Menomonee Falls, Wisconsin 53051,<br><br>and<br><br>Leader Light, Ltd. Unit 3, 3/F Chinachem Golden Plaza, 77 Mody Rd. Tsim Sha Tsui, Kowloon, Hong Kong<br><br>and<br><br>DOES 2 THROUGH 100,<br><br>Defendants. | CASE NO. 2:12CV1063<br><br>JUDGE MARBLEY<br><br>MAGISTRATE JUDGE ABEL<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>**AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, AND VICARIOUS COPYRIGHT INFRINGEMENT;<br>2. UNFAIR COMPETITION - FALSE DESIGNATION OF ORIGIN and TRADE DRESS INFRINGEMENT;<br>3. STATE UNFAIR COMPETITION AND VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT;<br>4. COMMON LAW UNFAIR COMPETITION;<br>5. CIVIL CONSPIRACY;<br>6. CONSTRUCTIVE TRUST; and<br>7. ACCOUNTING |

Now comes Hua-Cheng Pan ("Plaintiff"), by his undersigned attorneys, on personal knowledge as to his own actions, and on information and belief as to the actions, capabilities and motivation of others, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and for his Amended Complaint against Kohl's Department Stores, Inc. ("Kohl's"), Leader Light, Ltd.

Southern District of Ohio, (b) Defendant Kohl's has retail stores and does business in the Southern District of Ohio, (c) Defendants sold and/or supplied items to be sold in Ohio, (d) a substantial part of the events giving rise to the claims occurred in the Southern District of Ohio, (e) Defendant Leader Light is an alien, and (f) Defendants have a sufficient connection with the Southern District of Ohio to make venue proper in this District.

## PARTIES

6. Plaintiff Hua-Cheng Pan is an individual and citizen of Taiwan.

7. Defendant Kohl's is a domestic corporation incorporated in the State of Delaware and maintains its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051. Defendant Kohl's operates retail stores throughout the Southern District of Ohio and sold the infringing merchandise described in detail below.

8. Defendant Leader Light is a foreign corporation with its principal place of business at Unit 3, 3/F Chinachem Golden Plaza, 77 Mody Rd. Tsim Sha Tsui, Kowloon, Hong Kong. Defendant Leader Light copied, manufactured, distributed, marketed, sold and/or supplied Defendant Kohl's, including Defendant Kohl's stores located within the Southern District of Ohio, and/or some or all of the Doe Defendants, with the infringing merchandise described in detail below.

9. The Defendants designated as "Does 2 through 100" are presently unknown to Plaintiff. True names, identities and capacities, and the respective relationship to the known Defendants is presently unknown to Plaintiff, who therefore sues said Doe Defendants by fictitious names. The Doe Defendants are believed to be persons involved in copying, importing, creating, developing, manufacturing, marketing, distributing and/or selling the alleged infringing merchandise described in detail below, either as independent contractors, suppliers, agents,

servants or employees of the known Defendant, and/or who entered into a conspiracy and agreement with the known Defendant to perform these acts for financial gain and profit, in violation of Plaintiff's copyrights. These Defendants are working with and/or acting in concert with the named Defendants and are profiting from the infringement described herein. Plaintiff requests leave of Court to amend this Complaint to set forth their true names, identifies and capacities upon ascertaining the same.

## BACKGROUND

10. Plaintiff Hua-Cheng Pan is engaged in the business of designing, producing, marketing, distributing and selling ornamental sculptures. Plaintiff's designs are copyrighted and have been registered with the United States Copyright Office, and at all times relevant hereto Plaintiff has been and still is the owner of all right, title and interest in the aforementioned sculptures, including the Work as defined in Paragraph 13 hereof.

11. Plaintiff has invested considerable time and money in promoting his goods and creating and maintaining the goodwill associated with his goods, including but not limited to the Work.

12. Plaintiff does not allow others to copy, replicate, manufacture, market, distribute and/or sell his goods, including his copyrighted designs and specifically the Work, without his authorization, nor does he knowingly permit the manufacture, marketing, distribution and/or sale of knock-off copies of his goods, including his copyrighted designs, and including but not limited to the Work.

13. Upon information and belief, after having purchased Plaintiff's goods and copyrighted designs including the Work, for a period of years, Defendant Kohl's contracted for and purchased knock-off copies of Plaintiff's copyrighted design for the Work from Defendant

Leader Light and/or the Doe Defendant(s), and marketed, distributed and/or sold those knock-offs to the public for profit. Photographs of the Work are attached hereto as Exhibit B. Photographs of the knock off sculptures are attached hereto as Exhibit C.

14. On October 14, 2011 Plaintiff's original work, the 2011-2800747 Holiday Color Changing Glitterdome Figuries Sculpture, was registered with the United States Copyright Office as Copyright Registration No. VA1-790-156 (the "Work"). Copyright Registration Certificate No. VA1-790-156 is attached hereto as Exhibit A.

15. Upon information and belief, Defendant Kohl's has marketed and sold knock-off copies of the Work to consumers in retail stores in the Southern District of Ohio, and/or instructed and/or contracted with Defendant Leader Light and/or the Doe Defendants to provide it with knock-off copies of the Work for sale to consumers in retail stores in the Southern District of Ohio.

16. Plaintiff did not ever grant Defendants the right to copy, make derivative works, instruct and/or contract with third parties to market, distribute, sell, or use in any way his Work or infringing knock-off sculptures.

17. Upon information and belief, Defendant Leader Light made derivative works from, and manufactured, marketed, distributed and/or sold knock-off copies of the Work to Defendant Kohl's and others for profit, and/or was instructed by and/or contracted with Defendant Kohl's to provide it with knock-off copies of the Work. Upon information and belief, the knock-off copies of the Work sold by Defendant Leader Light to Defendant Kohl's were sold to consumers in retail stores owned and operated by Defendant Kohl's in the Southern District of Ohio and elsewhere.

5

18. Upon information and belief, Doe Defendants made derivative works from, and manufactured, purchased, marketed, distributed and/or sold knock-off copies of the Work to Defendant Kohl's and others for profit, and/or were instructed by and/or contracted with Defendant Kohl's and/or Defendant Leader Light to provide knock-off copies of the Work.

19. Upon information and belief, the Doe Defendants have made derivative works from, and manufactured, purchased, marketed, distributed and/or sold knock-off copies of Plaintiff's Work from and to various merchants and persons, including but not limited to Defendant Kohl's for profit.

20. Plaintiff did not ever grant Defendants the right to made derivative works from, copy, manufacture, procure, market, distribute, sell, and/or use, in any way, his Work or infringing knock-off sculptures.

## COUNT ONE
## COPYRIGHT INFRINGEMENT, CONTRIBUTORY COPYRIGHT INFRINGEMENT, AND VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

21. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff is the owner of United States Copyright Registration Certificate No. VA1-790-156 (See, Exhibit A) for the Work. Copyright Registration Certificate No. VA1-790-156 consists of material wholly original with Plaintiff and is copyrightable subject matter under the law of the United States.

23. At all times relevant hereto Plaintiff has been the owner of all right, title and interest in and to the copyrighted design and the registered Copyright that are the subject of this lawsuit.

24. Upon information and belief, Defendants, with full knowledge of Plaintiff's rights, have infringed, contributorily infringed, and/or vicariously infringed, and unless enjoined, will continue to infringe, contributorily infringe, and/or vicariously infringe the Work by reproducing, copying, ordering, arranging for and/or preparing derivative works, distributing, selling, and/or utilizing for purposes of trade knock-offs of the Work in violation of 17 U.S.C. §501, *et seq.*

25. Defendants' knock-offs are virtually identical copies of Plaintiff's Work in violation of his Copyright therein. Defendants' knock-offs and Plaintiff's Work share a virtually identical shape, height and circumference of the figures' bases, torsos and heads. The two figures share nearly identical facial features, skin tone, mustache, fur trimmed hat and overlapped scarf, lack of beard and boots, as well as the position, angles, size, and appearance of the figures' hats, scarves, eyes, noses, arms and mittened hands, and the mounting of the figures upon the bases.

26. Defendants' acts as aforesaid violate Plaintiff's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, and constitute infringement, contributory infringement, and/or vicarious infringement of Plaintiff's Copyright, and Defendants continue to willfully infringe Plaintiff's Copyright by knowingly reproducing, copying, ordering, arranging for and/or preparing derivative works, distributing, selling and/or utilizing for purposes of trade unauthorized versions of Plaintiff's Work.

27. Upon information and belief Defendants have received substantial monies from sales of the infringing products.

28. All of the Defendants' acts were and are performed without the permission, license or consent of Plaintiff.

29. By reason of Defendants' acts Plaintiff has suffered substantial damages to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and dilution of the value of his rights, all of which are not yet fully ascertainable.

30. Defendants' acts and conduct were and are willful or, at a minimum, were undertaken with willful blindness and/or reckless disregard of Plaintiff's rights.

31. As a result of Defendants' acts and conduct, Defendants are liable to Plaintiff for copyright infringement under 17 U.S.C. §101, *et seq*. Plaintiff is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct pursuant to 17 U.S.C. §504. Alternatively, or in addition thereto, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. §504(c).

32. For the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

33. Defendants conduct is causing and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable harm that cannot be fully compensated for or measured by money. Plaintiff has no adequate remedy at law. Pursuant to 17 USC §502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting infringements and exclusive rights under copyright.

34. Plaintiff is entitled to his full costs and attorneys' fees pursuant to 17 U.S.C. §505, for infringements that commenced after October 14, 2011 relating or pertaining to Copyright Registration No. VA1-790-156.

## COUNT TWO
## UNFAIR COMPETITION - LANHAM ACT SECTION 43(a)
## FALSE DESIGNATION OF ORIGIN and TRADE DRESS INFRINGEMENT
### (Against All Defendants)

35. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. Defendants have created a derivative work of Plaintiff's Work that includes all elements that make up the total visual image by which Plaintiff presents the Work to his customers.

37. Defendants have falsely designated the origin of the designs for the knock-off products, which they sell as originating with the Defendants rather than with Plaintiff.

38. By falsely identifying the origin of the design produced, distributed and/or sold by Defendants, and by failing to identify Plaintiff as the true origin of the Work's design, Defendants have falsely designated the origin of their goods and services in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

39. By falsely identifying the origin of the design produced, distributed, and/or sold by Defendants and by failing to identify Plaintiff as the true origin of the Work's design, Defendants have presented to the public false and/or misleading descriptions of the knock-offs produced, distributed, and/or sold by Defendants.

40. Defendants' conduct has confused, and is likely to confuse, the general and consuming public.

41. Defendants' conduct constitutes false designation of origin in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

42. Defendants' conduct constitutes false or misleading descriptions and misrepresentations of fact in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

43. Defendants' acts and conduct are and/or were willful or, at a minimum, were undertaken with willful blindness to and/or reckless disregard of Plaintiff's rights.

44. As a direct and proximate result of Defendants' willful conduct, Plaintiff has suffered and will continue to suffer damages.

45. Defendants conduct is causing and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable harm that cannot be fully compensated for or measured by money. Plaintiff has no adequate remedy at law. Pursuant to 15 USC §116, Plaintiff is entitled to a preliminary and permanent injunction prohibiting Defendants from falsely identifying the origin of the design produced, distributed, and/or sold by Defendants and by failing to identify Plaintiff as the true origin of the Work's design, Defendants have presented to the public false and/or misleading descriptions of the knock-offs produced, distributed, and/or sold by Defendants.

46. Plaintiff is entitled to his full costs and reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

### COUNT THREE
### STATE UNFAIR COMPETITION
### AND DECEPTIVE TRADE PRACTICES – O.R.C. CHAPTER 4165
(Against All Defendants)

47. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48. The acts, practices, and conduct of Defendants as alleged herein constitute unfair, unconscionable, and/or deceptive trade practices in violation of Ohio Revised Code Chapter 4165 in that said acts, practices and conduct undertaken in furtherance of Defendants' business are likely to have caused, and/or will continue to cause, confusion or misunderstanding as to: (a) the source, sponsorship, approval, or certification of the infringing sculpture design, and/or (b)

the affiliation, connection, or association with, or certification by Plaintiff, and/or (c) the particular standard and/or quality of grade of the knock-offs in the design of Plaintiff's Work, and/or (d) Plaintiff's trade dress, all in violation of O.R.C. §4165.02(A)(1), (2), (3), (7), (9) and (10).

49. Defendants' violations were and/or are willful and deliberate, or at a minimum, were and/or are undertaken with willful blindness to and/or reckless disregard of Plaintiff's rights.

50. As a direct and proximate result of the acts, practices, and conduct of Defendants Plaintiff has been and will continue to be injured and damaged in an amount not presently ascertainable.

51. The acts, practices, and conduct of Defendants have resulted in an illicit gain of profit to said Defendants in an amount not presently ascertainable.

52. Defendants conduct is causing and unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable harm that cannot be fully compensated for or measured by money. Plaintiff has no adequate remedy at law. Pursuant to O.R.C. 4165.03, Plaintiff is entitled to a preliminary and permanent injunction prohibiting any acts, practices, and conduct of Defendants as alleged herein that constitutes unfair, unconscionable, and/or deceptive trade practices in violation of Ohio Revised Code Chapter 4165.

53. Plaintiff is entitled to full costs, actual damages, reasonable attorneys' fees, and all other remedies available pursuant to Ohio Revised Code §4165.03(B).

## COUNT FOUR
## OHIO COMMON LAW UNFAIR COMPETITION
### (Against All Defendants)

54. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55. The acts and conduct of Defendants, as alleged above, constitute unfair competition pursuant to the common law of the State of Ohio.

56. The acts, practices, and conduct of Defendants, as alleged above, have damaged and will continue to damage Plaintiff and have resulted in an illicit gain of profit to said Defendants in an amount that is unknown at this time.

57. As a direct and proximate result of the acts, practices, and conduct of Defendants Plaintiff has been and/or will continue to be injured and damaged in an amount not presently ascertainable.

58. As a result of Defendants' unfair competition, Plaintiff is entitled to his full costs, damages in an amount to be established at trial but in no event less than $75,000.00, reasonable attorneys' fees, and all other remedies available at law and in equity.

## COUNT FIVE
## CIVIL CONSPIRACY
### (Against all Defendants)

59. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 58 as if fully set forth herein.

60. Upon information and belief, Defendants knew that Plaintiff was and is the rightful owner of the Work, and that Defendants had no right to use the Work or the trade dress thereof or copyright interest therein.

12

61. Upon information and belief, Defendants knew that Plaintiff was and is the rightful owner of the Work and the trade dress thereof and copyright interest therein.

62. Upon information and belief, Defendants entered into an agreement or agreements and did in fact conspire to infringe upon Plaintiff's copyrighted Work and trade dress thereof, misappropriate the copyrighted interest therein and trade dress thereof, and unfairly competed with Plaintiff.

63. As a result of Defendants' civil conspiracy, Plaintiff is entitled to his full costs, damages in an amount to be established at trial but in no event less than $75,000.00, reasonable attorneys' fees, and all other remedies available at law and in equity.

## COUNT SIX
## IMPOSITION OF A CONSTRUCTIVE TRUST UPON ILLEGAL PROFITS
### (Against All Defendants)

64. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

65. Defendants' acts, practices, and conduct constitute deceptive and wrongful conduct in the nature of manufacturing, copying, using, offering, advertising, marketing, installing, distributing, and/or selling items that infringe on Plaintiff's Work.

66. By virtue of their wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Plaintiff.

67. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

68. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Plaintiff.

13

69. As a direct and proximate result of the acts, practices, and conduct of Defendants, as alleged above, Plaintiff has been and/or will continue to be injured and damaged in an amount not presently ascertainable.

70. Plaintiff is entitled to recover any and all profits of Defendants that are attributable to their acts of infringement plus his full costs, reasonable attorneys' fees, and all other remedies available at law and in equity.

## COUNT SEVEN
## ACCOUNTING
### (Against All Defendants)

71. Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 70 as if fully set forth herein.

72. Plaintiff is entitled, pursuant to 17 U.S.C. §504, *inter alia*, to recover any and all profits of Defendants that are attributable to their acts of infringement.

73. Plaintiff is entitled, pursuant to 17 U.S.C. §504, *inter alia*, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

74. The amount of money due from Defendants to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material manufactured, advertised, marketed, installed, offered, distributed and/or sold by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and requests the Court to enter a judgment against Defendants as follows:

A. That the Defendants, their officers, agents, servants, employees, representatives, and all persons in active concert or participation with them, be temporarily and permanently

restrained and enjoined from: (a) manufacturing, importing, copying, reproducing, preparing derivative works, photographing, promoting, advertising, distributing, selling, publicly displaying or any other form of dealing or transaction in any mold, product, design, photograph, sculpture or other article bearing any design which simulates and infringes upon Plaintiff's Work, the copyright interest therein, and the trade dress thereof; (b) falsely designating the origin of any mold, product, design, photograph, sculpture, or other article bearing any design which simulates and infringes upon Plaintiff's Work; (c) falsely describing their products; and (d) conspiring amongst themselves or with any other person or entity to further such activities.

B. That a seizure order be entered pursuant to 17 U.S.C. 503 directing the U.S. Marshall to seize and impound all articles possessed owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff's Work, the copyright interest therein, and the trade dress thereof, including but not limited to, all products, molds, designs, photographs, sculptures or other articles, which simulate, copy, imitate, or infringe upon Plaintiff's Work, as well as all business records related thereto, including, but not limited to, all purchaser details, invoices, customer lists, catalogs and the like;

C. That the Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be ordered to deliver for destruction all infringing articles, labeling, packaging, advertising, promotions, displays, statements, representatives, descriptions or any other simulation,

reproduction, copy or colorable imitation of Plaintiff's Work, the copyright interest therein, and the trade dress thereof;

D. That an accounting be made of all profits, income, receipts, or other benefits derived by Defendants from the manufacture, copying, promotion, distribution and sale of products, sculptures, molds and/or articles bearing any design or other indications which improperly or unlawfully infringes upon Plaintiff's Work, the copyright interest therein, and the trade dress thereof;

E. That the Court declare, adjudge, and decree that Defendants, and each of them, have been and are involuntary and constructive trustees, holding the gross receipts from the aforesaid production, marketing, distribution, sale or other exploitation of the infringing products, and/or Defendants' misuse of the Work's design and/or trade dress, and that Defendants hold all such monies and funds on behalf of, and subject to a first and prior lien against all others in favor of Plaintiff;

F. That Defendants be held liable to Plaintiff for his actual damages, in an amount to be established at trial, but in no event less than $75,000.00;

G. Alternatively, for statutory damages pursuant to Section 504 of the Copyright Act;

H. That Defendants be held liable to Plaintiff in compensatory damages for all actual losses or injuries, including reasonable attorneys' fees and costs, caused by Defendants' false designation of origin and false and misleading descriptions of their products;

I. That Plaintiff be awarded, and Defendants pay to Plaintiff, Plaintiff's full costs and reasonable attorneys' fees pursuant to the Copyright Act, 17 U.S.C. §505;

J. That Plaintiff be awarded, and Defendants pay to Plaintiff, treble damages, reasonable attorneys' fees and full costs for their intentional and willful conduct in violation of


Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) pursuant to Sections 35(a) of the Lanham Act, 15 U.S.C. §1118;

K. That Plaintiff be awarded, and Defendants pay to Plaintiff, Plaintiff's actual damages and reasonable attorneys' fees, with interest and costs pursuant to O.R.C. §4165.03; and

L. That Plaintiff be awarded such other and further relief as this court deems just and appropriate.

Respectfully submitted,

/s/ John A. Zervas
John A. Zervas (0043611)
Trial Attorney
CHAPPANO WOOD PLL
691 North High Street
Third Floor
Columbus, Ohio 43215-1550
Ohio Registration 0043611
Telephone: (614) 228-4422
Facsimile: (614) 228-4423
Email: jaz@cwpll.com

Attorneys for Plaintiff

Of Counsel:

Joel H. Mirman (0004904)
Perry M. Chappano (0037418)
Catherine T. Healy (0079916)
CHAPPANO WOOD PLL
691 North High Street
Third Floor
Columbus, Ohio 43215-1550
Telephone: (614) 228-4422
Facsimile: (614) 228-4423
Email: jhm@cwpll.com
      pmc@cwpll.com
      cth@cwpll.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

/s/ John A. Zervas
John A. Zervas (0043611)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Plaintiff's Amended Complaint was served upon the following via the Court's electronic filing system and regular U.S. Mail this 15th day of February, 2013:

Kimberly Weber Herlihy (0068668)
John M. Kuhl (0080966)
Vorys Sater Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216
Telephone: (614) 464-8283
Email: kwherlihy@vorys.com

Attorneys for Defendant Kohl's Department Stores, Inc.

/s/ John A. Zervas
John A. Zervas (0043611)