IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Hua-Cheng Pan,                          :

      Plaintiff,                   :

  v.                                    :       Case No. 2:12-cv-1063

                                      :       JUDGE ALGENON L. MARBLEY
Kohl's Department Stores, Inc.,                 Magistrate Judge Kemp
et al.,                                 :

      Defendants.                  :

ORDER

    Plaintiff Hua-Cheng Pan has filed a motion to compel discovery.  The motion is now fully briefed.  For the following reasons, it will be granted in part and denied in part.

I. Background

    As more fully set forth in the Court's order of September 12, 2013, (Doc. 18), which granted in part and denied in part a motion to dismiss, the amended complaint asserted seven claims, all arising out of a copyright obtained by Mr. Pan for a holiday sculpture (a plastic Santa Claus figurine).  The complaint alleges that "knock-offs" of the figurine were sold in Kohl's Department Stores and that they were manufactured by Defendant Leader Light.  The Court denied the motion as it related to Count One (copyright infringement), Count Two (violation of the Lanham Act), Count Six (constructive trust), and Count Seven (accounting), and granted it as to Counts Three, Four, and Five, all of which were state law tort claims.

    The parties then commenced discovery pursuant to a scheduling order (Doc. 22) which required all fact discovery to be completed by March 31, 2014.  After that date had passed, the

parties participated in a conference with Magistrate Judge Mark R. Abel on January 28, 2015. Judge Abel then issued an order (Doc. 41) which permitted two additional depositions to be taken on or before March 17, 2015. The dispositive motion date was also extended to July 31, 2015.

The motion to compel was filed on May 1, 2015. It raised a number of issues, many of which have been resolved by the parties. According to the responsive and reply memoranda, and confirmed by the parties in a telephone conference held on July 8, 2015, only two issues remain for decision. The Court will discuss each of them separately in the following sections of this order.

## II. Training Materials

This issue arises, according to Mr. Pan, from deposition testimony given by William Barnett, one of the two witnesses whom Judge Abel authorized Mr. Pan to depose. Mr. Barnett explained that Kohl's employees receive annual training to avoid copyright infringement issues, and he identified various training materials, including a video, which are used in this process. Mr. Pan's attorney asked for these materials after the deposition, but Kohl's refused to produce them. Kohl's provided two bases for its refusal: the documents are not relevant, and Mr. Pan did not make a timely request for them. Mr. Pan argues, in his supporting memorandum, that the documents "clearly relate to product development, marketing and research strategies utilized by Kohl's, and to the willfulness of the alleged infringement." Doc. 43, at 10. He does not directly address the question of when they were first requested, but in his reply, in an effort to counter Kohl's assertion that he has not identified where he asked for these documents during the discovery period, he says this: "The attention of the Court is respectfully directed to Exhibit A attached to the Motion to Compel providing

the relevant discovery requests as well as the definitions page attached to it."  (Doc. 51, at 9).

Exhibit A to the motion to compel is a set of document requests served on January 14, 2014.  It contains 28 numbered requests.  The motion to compel does not identify which of these requests calls for the production of training materials, and most of them ask either for the production of information which Kohl's intends to use to support various defenses it has raised (Requests 16-24, in particular, fall into this category) or which relate to Kohl's decision to purchase Mr. Pan's Santa figurine, its decision to stop buying that item, or its decision to purchase the allegedly infringing product from Leader Light.  These latter documents include ones showing the date of purchase, the terms of purchase, the number of figurines purchased and sold (including the sales price), and communications about the design and manufacture of the allegedly infringing product.  None of them make any reference to training materials relating to copyright infringement (or the avoidance of infringement), and the Court is left to guess, based on the vagueness of the reply brief's reference to the document request in its entirety, which request Mr. Pan believes such training materials are responsive to.

In construing a document request, the Court must apply an objective standard.  As the court said in Hager v. Graham, 267 F.R.D. 486, 493 (N.D. W.Va. 2010),

> Rule 34 states that the request "must describe with reasonable particularity each item or category of items to be inspected." Fed.R.Civ.P. 34(b)(1)(A). "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.' " Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 202 (N.D.W.V. 2000). "Therefore, the party requesting the production of documents must provide 'sufficient information to

-3-

>enable [the party to whom the request is directed] to
>identify responsive documents.' " Id. (citing <u>Parsons
>v. Jefferson-Pilot Corp.</u>, 141 F.R.D. 408, 412 (M.D.N.C.
>1992)). This test, however, is a matter of degree
>depending on the circumstances of the case. <u>Id</u>. n. 98;
>see also, <u>U.S. v. National Steel Corp.</u>, 26 F.R.D. 607
>(S.D.Tex.1960) (stating that particularity or
>preciseness of designation depends on circumstances of
>each case, and the goal is that the description be
>sufficient to apprise man of ordinary intelligence
>which documents are required).

Under this standard, the Court agrees with Kohl's that none of the 28 requests found in the document request at issue reasonably identifies copyright infringement training materials and calls for their production.  The training, or lack of training, of Kohl's employees - either generally, or the ones specifically responsible for ordering the Leader Light Santa - is not the topic of any of the requests.

Mr. Pan argues that such materials address the issue of willfulness.  The complaint alleges that the infringements were either willful or reckless.  <u>See, e.g.</u>, Doc. 9, ¶30.  Had he wanted to see this type of material - which cannot be uncommon or unanticipated in the retail world - he could have asked for it in terms clear enough to put Kohl's on notice that training materials were being requested.  He did not.  The request made at or after the deposition of Mr. Barnett is therefore untimely, and the Court finds that Kohl's is under no legal obligation to produce these training materials, whatever their relevance.  Mr. Pan will, of course, be free to pursue this line of questioning at trial should the District Judge view it as relevant, but he is not entitled to an order compelling Kohl's to produce training materials as part of the discovery in this case.

    II.   <u>Further Discovery about the Thumbnail Picture</u>

The background of the second issue raised by the motion to compel is somewhat more complex.  It relates to a very small, or

"thumbnail" picture, of another allegedly infringing product, apparently a reindeer.  The thumbnail picture was apparently produced in 2014, but Mr. Pan did not ask for follow-up discovery about it until almost a year later.  Kohl's claims he was not diligent in pursuing such discovery and has not shown good cause for extending the discovery cutoff date to allow it to go forward.  Mr. Pan views the issue differently.

His take on the reindeer photograph is best explained in the reply brief, and particularly in the affidavit of one of his attorneys, John Zervas, which is Exhibit P to the reply.  Mr. Zervas avers that although the picture was produced fairly early on, it was so small (½" by 1") that the image could not be identified.  Even using a magnifying glass, it could not be seen clearly, and the same was true when it was enlarged using a digital camera, magnifying glass, and photocopier, and when asking an independent photo service to do an enlargement.  Finally, after asking for a better picture, Mr. Pan received a copy on May 1, 2015, which allowed him to see that it related to a reindeer snow globe - another alleged knock-off of his design.  He also argues that it was not until a deposition taken on March 17, 2015, that it became evident that the photo might be of a copy of one of Mr. Pan's designs, and even then he thought it might be a polar bear instead of a reindeer.

Taking these facts as true - and they do not appear to be contested - the Court is not persuaded by Kohl's argument that Mr. Pan should have known much earlier that this thumbnail photograph had some relevance to the case.  Further, if the thumbnail was produced, it is not clear why either the digital file or a larger copy was not produced at the same time.  In any event, Mr. Pan did exercise reasonable diligence in pursing discovery about this item, and good cause therefore exists to extend the discovery deadline as to this single issue.

Mr. Pan has not specifically stated how much time will be needed to explore issues relating to the reindeer snow globe. The Court assumes that thirty days is sufficient.  It will therefore extend the discovery cutoff date to August 13, 2015, for this issue only.  The Court sees no need to make any change to the dispositive motions date.

## IV. <u>Order</u>

For the reasons set forth above, the Court grants the motion to compel (Doc. 43) to this extent: the discovery cutoff date is extended to August 13, 2015, to permit additional discovery to be taken relating to the reindeer snow globe.  The motion is otherwise denied.

## V. <u>Motion to Reconsider</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge